UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI AKBAR AZIMOV; IZATILLO GAFFAROV,<br><br>                    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY; ALEJANDRO MAYORKAS, under his title of Secretary of Homeland Security; U.S. CITIZEN AND IMMIGRATION SERVICES; U.R. JADDOU, under her Title of Director of U.S. Citizenship and Immigration Services; TED H. KIM, under his title of Acting Associate Director Refugee, Asylum and International Operations Directorate; U.S. DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, under his title of Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID L. NEAL under his title of Director of the Executive Office for Immigration Review; ANNE KRISTINA PERRY, under her title of Assistant Chief Immigration Judge for the Otay Mesa Immigration Court; and | Case No.: 22CV439-GPC(KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Dkt. No. 6.] |

SERGIO PRECIADO, under his title of Court Administrator for the Otay Mesa Immigration Court,,

                             Defendants.

Before the Court is Defendants' motion to dismiss the complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 6.) Plaintiffs opposed the motion. (Dkt. No. 11.) Defendants replied. (Dkt. No. 14.) Based on the reasoning below, the Court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction.

## Background

On April 4, 2022, Plaintiffs Ali Akbar Azimov ("Azimov") and Izatillo Gaffarov ("Gaffarov) (collectively "Plainitffs") filed a complaint seeking "declaratory, mandatory and injunctive relief" under the Administrative Procedure Act ("APA") and the United States Constitution against a number of federal agencies and officers. (Dkt. No. 1, Compl.)

Plaintiff Azimov was apprehended by the defendants at the time of his arrival on August 9, 2021 and is an asylum seeker. (Dkt. No. 1, Compl. at p. 6.) He is being housed at the Otay Mesa Detention Center in Otay Mesa, California.[1] (*Id.*) Plaintiff Gaffarov was apprehended inside the United States on September 23, 2021 and is an asylum seeker and being housed at the Otay Mesa Detention Center. (*Id.*)

Azimov had his credible fear interview ("CFI") on October 6, 2021 before Asylum Officer ("AO") Enrique Madden. (Dkt. No. 1, Compl. ¶ 16; Dkt. No. 1-2, Ex. A-12 at

---

[1] In their reply, Defendants assert that after the Ninth Circuit dismissed his petition for review and denied his motion for rehearing, Azimov was removed from the United States. (Dkt. No. 14 at 3 n.1.)

14.[2])   On the same day, AO Madden issued a Negative Credible Fear Determination ("NCFD)[3] which started the running of the 7-day statutory time period for the immigration judge ("IJ") to conclude the review hearing under 8 U.S.C. § 1225(b)(1)(B)(iii)(III).  (Dkt. No. 1, Compl. ¶ 16(i); Dkt. No. 1-2, Ex. A-16 at 18.)  However, nine days later, on October 19, 2021, AO Supervisor C. Generous issued, served and filed the NORIJ[4] with the Otay Mesa Immigration Court ("OMIC").  (Dkt. No. 1, Compl. ¶ 16(ii); Dkt. No. 1-2, Ex. A8-A9 at 10-11.)  The NORIJ informed Azimov that his review hearing by the IJ was to be scheduled on an unknown date TBD.  (Dkt. No. 1, Compl. ¶ 16(iii); Dkt. No. 1-2, Ex. A9 at 11.)  Six days later, the OMIC accepted the NORIJ for filing and served a notice of the review hearing on October 25, 2021 and scheduled it on October 28, 2021.  (Dkt. No. 1, Compl. ¶ 16(iv); Dkt. No. 1-2, Ex. A7 at 9.)  On October 28, 2021, the IJ conducted a hearing, affirmed and returned the case to DHS for removal.  (Dkt. No. 1, Compl. ¶ 16(v); Dkt. No. 1-2, Ex. A6 at 8.)

Plaintiffs allege that each of these acts was conducted outside the statutory time limitations mandated by Congress under 8 U.S.C. § 1225(b)(1)(B)(iii)(III); therefore, each of the acts alleged rendered the review hearing as well as the IJ's order outside the jurisdictional timeline and thus, *invalid ab initio* as extra judicial acts.  (Dkt. No. 1, Compl. ¶¶ 17-18.)  Azimov attempted to file motions to set aside and vacate the IJ's invalid extra judicial order before the OMIC but Defendants frustrated Plaintiff's attempt by unlawfully rejecting his filings.  (*Id.* ¶¶ 19-21; Dkt. No. 1-2, Ex. A1-A5 at 3-7.)

On November 13, 2021, Azimov filed a petition for review with the Ninth Circuit.  (*Asimov v. Garland*, Case No. 21-1149, Dkt. No. 1, (9th Cir. Nov. 13, 2021).)  On March 18, 2022, the Ninth Circuit granted the respondents' motion to dismiss for lack of

---

[2] Page numbers are based on the CM/ECF pagination.
[3] Plaintiff does not explain the acronyms throughout his complaint but Defendants do.  (*See* Dkt. No. 6 at 13.)
[4] Although not stated, it appears that NORIJ is the Notice of Referral to Immigration Judge.  (Dkt. No. 1-2, Ex. A8-A9.)

3

jurisdiction and dismissed Asimov's petition for review of an order issued in expedited removal proceedings for lack of jurisdiction relying on 8 U.S.C. § 1252(a)(2)(A) and *Guerrier v. Garland*, 18 F.4th 304, 306-07, 311 (9th Cir. 2021).  (*Id.,* Dkt. No. 19.) Petitioner's petition for panel rehearing was denied and the mandate issued on July 5, 2022.  (*Id.*, Dkt. Nos. 22, 23, 24.)

Plaintiff Gaffarov had his CFI on November 4, 2021 before AO Enrique Madden. (Dkt. No. 1, Compl. ¶ 22; Dkt. No. 1-2, Ex. B7 at 25.)  On the same day, AO Madden issued the NCFD which started the running of the 7-day statutory time period for IJ to conclude the review hearing.  (Dkt. No. 1, Compl. ¶ 22(i); Dkt. No. 1-2, Ex. B11 at 29.) Five days later, on November 9, 2021, Keri Summers, the AO's supervisor, issued and filed the NORIJ with the OMIC and served in on Gaffarov informing him that his review hearing before the IJ would be scheduled for an unknown date TBD.  (Dkt. No. 1, Compl. ¶ 22 (ii); Dkt. No. 1-2, Exs. B3-B4 at 21-22.)  On November 10, 2021, Plaintiff's review hearing was set for November 15, 2021.  (Dkt. No. 1, Compl. ¶ 22(iii); Dkt. No. 1-2, Ex. B2 at 20.)  However, the IJ did not conclude the review hearing until November 17, 2021 which is outside the statutory time period set by Congress for completion of the review hearing under the expedited removal scheme.  (Dkt. No. 1, Compl. ¶ 22(iv); Dkt. No. 1-2, Exs. B1 at 19.)

On December 16, 2021, Gaffarov filed a petition for review with the Ninth Circuit. (*Gaffarov v. Garland*, Case No. 21-1358, Dkt. No. 1 (9th Cir. Dec. 16, 2021).  On August 19, 2022, the Ninth Circuit granted the respondents' motion to dismiss for lack of jurisdiction and dismissed Gaffarov's petition for review of an order issued in expedited removal proceedings for lack of jurisdiction relying on 8 U.S.C. § 1252(a)(2)(A) and *Guerrier v. Garland*, 18 F.4th 304, 306-07, 311 (9th Cir. 2021).  (*Id.*, Dkt. No. 29.)  The mandate issued on October 12, 2022.  (*Id.*, Dkt. No. 30.)

Shortly after Asimov's petition for review was denied, on April 4, 2022, Plaintiffs filed the instant complaint seeking a review of the IJ's void order as a violation of the Administrative Procedure Act and the United States Constitution.  (Dkt. No. 1, Compl.)

They seek a declaration that 1) "8 U.S.C. § 1225(b)(1)(B)(iii)(III) is jurisdictional"; 2) that "DHS Defendants' failure to promptly adjudicate and treat the Plaintiffs' NCFD as mandatorily required by the statute in question in an expeditious manner consistent with the statutory scheme in 8 U.S.C. § 1225(b) is arbitrary and capricious and contrary to law in violation of the Immigration and Nationality Act ("INA") and the APA";  3) that "the DHS Defendants' failure to promptly adjudicate and treat the Plaintiffs' NORIJ as mandatorily required by the statute in question in an expeditious manner consistent with the statutory scheme in 8 U.S.C. § 1225(b) is arbitrary and capricious and contrary to law in violation of the INA and the APA"; 4) that "DOJ Defendants' failure to promptly adjudicate and treat the Plaintiffs' NORIJ as mandatorily required by the statute in question in an expeditious manner consistent with the statutory scheme in 8 U.S.C. § 1225(b) is arbitrary and capricious and contrary to law in violation of the INA and the APA"; and 5) that "DOJ Defendants and their delegates have intentional and/or recklessly created systematic filing blocks intended to discourage and frustrate the Plaintiffs from filing appropriate motions; and that they have  accomplished this by among other things diverting the decisions to reject such filings to administrative personnel including among other things, the decisions to decide questions of law such as lack of jurisdiction, legal questions that are left exclusively to the authority vested on IJs."  (*Id.* at p. 26-27.)  Plaintiffs also seek an order 1) "enjoining the IJ Defendants from further delaying the Plaintiffs' separate repeated requests to take immediate remedial action by setting aside and vacating their respective defective orders as invalid for both, the failure to follow the statutory time constraints and for lack of jurisdiction as a result, and remanding with instructions for placing Plaintiffs in regular removal proceedings under 8 U.S.C. § 1229a", 2) "enjoining Defendants from removing the Plaintiffs until the Court has issued a final order in this cause of action; and 3) "[i]ssue a writ of mandate compelling the Defendants to properly process and refer the adjudication of said motions to the appropriate officials in charge of their adjudication and seizing to authorize administrative court personnel to render decision involving the unauthorized practice of

law such as whether the administrative judge has the required jurisdiction to adjudicate such motions and/or render decisions involving questions of law such as whether the Plaintiffs have or lack the authority to file them." (*Id.* at p. 27.)

Defendants move to dismiss for lack of subject matter jurisdiction arguing that the Court lacks jurisdiction on all the grounds asserted by Plaintiffs. (Dkt. No. 6.) Plaintiffs oppose. (Dkt. No. 11.)

## Discussion

### A.   Legal Standard on Federal Rule of Civil Procedure 12(b)(1)

"It is a fundamental principle that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). Under Federal Rule of Civil Procedure ("Rule") 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* When evaluating a facial attack, the court assumes the truth of the complaint's allegations and draws all reasonable inferences in plaintiff's favor. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.; McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). Here, Defendants appear to present a facial dispute as to the subject matter jurisdiction relying on the allegations in the complaint.

**B.      Statutory Background to Expedited Removal**

Section 1225(b)(1) sets out the "procedures for expedited removal and specifies the class of non-citizens who are eligible for expedited removal[.]" *Innovation Law Lab v. McAleenan*, 924 F.3d 503, 507 (9th Cir. 2019). A noncitizen arriving at a U.S. Port of Entry is subject to expedited removal proceedings if a CBP officer determines that the noncitizen "is inadmissible for misrepresenting a material fact or lacking necessary documentation[.]" 8 U.S.C. § 1225(b)(1)(A)(i). The Department of Homeland Security may remove a noncitizen from the United States "without further hearing or review," unless "the [noncitizen] indicates an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). When a noncitizen indicates an intent to apply for asylum, "the officer shall refer the [noncitizen] for an interview with an asylum officer . . . ." 8 U.S.C. § 1225(b)(1)(A)(ii). "If the asylum officer finds the noncitizen's asserted fear to be credible, the noncitizen will receive "full consideration" of his asylum claim in a standard removal hearing." *Dep't of Homeland Sec. v. Thurasissigiam*, 140 S. Ct 1959, 1964 (2020) (citing 8 C.F.R. § 208.30(f); 8 U.S.C. § 1225(b)(1)(B)(ii)).

However, a noncitizen will be removed if "the officer determines that [a noncitizen] does not have a credible fear of persecution[.]" 8 U.S.C. § 1225(b)(1)(B)(iii). A supervisor then reviews the asylum officer's credible fear determination. 8 C.F.R. § 208.30(e)(7)(i)(A). A noncitizen may also request that an immigration judge conduct a de novo review of the asylum officer's adverse credible fear determination. 8 U.S.C. § 1225(b)(1)(B)(iii)(III); 8 C.F.R. § 1003.42(d). Review by an immigration judge must be concluded "as expeditiously as possible to the maximum extent practicable within 24 hours, but in no case later than 7 days after" the asylum officer's credible fear determination. 8 U.S.C. § 1225(b)(1)(B)(iii)(III); 8 C.F.R. § 1003.42(e).

Section 1252 "defines the scope of judicial review of all orders of removal . . . [and] narrowly circumscribes judicial review for expedited removal orders issued pursuant to § 1225(b)(1)." *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 426-27 (3d Cir. 2016) ("Thus, the statute makes abundantly clear that whatever jurisdiction

courts have to review issues relating to expedited removal orders arises under § 1252(e).").  A key purpose of section 1252 is to "protec[t] the Executive's discretion from undue interference by the courts; indeed, that can fairly be said to be the theme of the legislation."  *Thuraissigiam*, 140 S. Ct. at 1966 (quoting *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 486 (1999) (internal quotations omitted)).

Section 1252(e)(2) limits review of an expedited removal order, through a petition for writ of habeas corpus, on the following three issues: "(A) whether the petitioner is an alien, (B) whether the petitioner was ordered removed under [§ 1225(b)(1)][5], and (C) whether the petitioner can prove . . . that the petitioner is [a lawful permanent resident], has been admitted as a refugee . . . or has been granted asylum . . . ."  *Id.* § 1252(e)(2).

Section 1252 includes several specific provisions barring a court's review of expedited removal orders, implementation and operation of expedited removal orders and procedure and policies to implement the provisions of the expedited removal proceedings.  *See* 8 U.S.C. § 1252(a)(2)(A)(i), (ii), (iii) & (iv); § 1252(e)(1)(A); § 1252(e)(5).  To start, § 1252 provides, "[w]ithout regard to the nature of the action or claim and without regard to the identity of the party or parties bringing the action, no court may . . . enter declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude [a noncitizen] in accordance with section 1225(b)(1) of this title except as specifically authorized in [8 U.S.C. § 1252(e)]. . . ."  8 U.S.C. § 1252(e)(1)(A).

It also provides that, except as provided in § 1252(e), "no court shall have jurisdiction to review" (1) "any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an [expedited removal] order"; (2) "a decision by the Attorney General to invoke" the expedited

---

[5] On whether the petitioner was ordered removed under section 1225(b)(1), "the court's inquiry shall be limited to whether such an order in fact was issued and whether it relates to the petitioner.  There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."  8 U.S.C. § 1252(e)(5).

removal statute; (3) "the application of [§ 1225(b)(1) ] to individual aliens, including the [credible fear] determination made under [§] 1225(b)(1)(B); and (4) the "procedures and policies adopted by the Attorney General to implement the provisions of [§ 1225(b)(1) ]." *Id.* § 1252(a)(2)(A)(i), (ii), (iii) & (iv). Finally, § 1252(e)(5) provides that "[t]here shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. 1252(e)(5).

**C.     Analysis**

The Complaint alleges the Court's jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1361 (mandamus), 28 U.S.C. § 1651 (all writs act), 5 U.S.C. §§ 701-06 (Administrative Procedure Act), 28 U.S.C. §§ 2201-02 (Declaratory Judgment Act) and the First Amendment right to petition the government and Fifth Amendment right to due process under the United States Constitution. (Dkt. No. 1, Compl. at p. 5.)

Defendants argue that 8 U.S.C. § 1252(a)(2)(A) and 8 U.S.C. § 1252(e)(2) divest this Court of jurisdiction over the Complaint. (Dkt. No. 6 at 16.) They also argue that the Court does not have jurisdiction under 28 U.S.C. § 1331, the APA, 28 U.S.C. § 1361 (mandamus), 28 U.S.C. 1651 (all writs act), the Declaratory Judgment Act, and under the United States Constitution. (*Id.* at 19-23.) Plaintiffs respond that jurisdiction or the authority of this Court stems from Federal Rule of Civil Procedure 60(b)(4), where the court may relieve a party from a final judgment where the judgment is void. (Dkt. No. 11 at 8.) They also summarily claim relief under the Declaratory Judgment Act ("DJA") and jurisdiction under 28 U.S.C. § 1331. (*Id.* at 11, 13.) Defendants reply that Rule 60(b)(4) cannot confer jurisdiction and Plaintiffs have not cited to any cases to support their other arguments. (Dkt. No. 14 at 3-6.)

The Court agrees with Defendants that Plaintiffs have not demonstrated that the Court has jurisdiction over this case. Section 1252 specifically bars the Court's review of Plaintiffs' specific claims. The use of "[n]otwithstanding any other provision of law (statutory or nonstatutory)" in § 1252(a)(2)(A) precludes judicial review of Plaintiffs' claims based on the APA, and constitutional claims under 28 U.S.C. § 1331. *See*

*Rodrigues v. McAleenan*, 435 F. Supp. 3d 731, 736-37 (N.D. Tex. 2020) ("Thus, 8 U.S.C. § 1252(e)(2) 'preclude[s] judicial review' of Mr. Rodrigues's APA claims."); *Mohit v. U.S. Dep't of Homeland Sec.*, No. 20-cv-00823-PAB, 2020 WL 3971642, at *4 (D. Colo. July 14, 2020) (holding that the APA does not confer jurisdiction over habeas claims challenging expedited removal order); *Patchak v. Zinke*, – U.S. –, 138 S. Ct. 897, 905 (2018) (holding jurisdiction-stripping provision that "applie[d] '[n]otwithstanding any other provision of law' include[s] the general grant of federal-question jurisdiction. 28 U.S.C. § 1331"); *see Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001) (rejecting argument that court has federal question jurisdiction over constitutional claims under § 1331 because § 1252(a)(2)(C)'s "notwithstanding any other provision of law (statutory or nonstatutory)" stripped federal courts of jurisdiction). Moreover, § 1262(a)(2)(A) explicitly divests the Court of jurisdiction of claims under 18 U.S.C. § 1361 (mandamus) and 28 U.S.C. § 1651 (All Writs Act). 8 U.S.C. 1252(a)(2)(A) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, . . . ."). Therefore, none of Plaintiffs' alleged bases for jurisdiction is supportive.

In their papers, Plaintiffs primarily rely on Rule 60(b)(4) to create jurisdiction but "[j]urisdiction . . . is not derived from Rule 60(b) itself . . . ." *In re Hunter*, 66 F.3d 1002, 1005 (9th Cir. 1995) (citing Fed. R. Civ. P. 82 (Federal Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the United States district courts.")). For federal question jurisdiction, the action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Moreover, in opposition, Plaintiffs summarily reference relief under the DJA. However, as Defendants correctly point out, the DJA does not provide an independent basis for jurisdiction; "[i]t only permits the district court to adopt a specific remedy when jurisdiction exists." *See Fiedler v. Clark*, 714 F.2d 77, 79 (1983). In this case, Plaintiffs have not asserted a valid basis for the Court's jurisdiction.

Simply put, Plaintiffs do not challenge the substance of the IJ's order but in a summary and conclusory fashion argue that the IJ order, itself, is void as being untimely and in violation of 8 U.S.C. § 1225(b)(1)(B)(iii)(III), which they claim is jurisdictional. Therefore, they maintain that 8 U.S.C. § 1252(a)(2)(A) and 8 U.S.C. § 1252(e)(2) do not apply to void orders. Plaintiffs provide no binding or persuasive authority that this is a basis for the Court's jurisdiction and do not provide relevant legal authority as it relates to the statutory framework for expedited removal proceedings.

A review of U.S. Supreme Court precedent makes clear that Plaintiffs' position is untenable. The Court has held that procedural rules, including time bars, cabin a court's power only if Congress has "clearly state[d]" as much. *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-16 (2006)). "[A]bsent such a clear statement, . . . 'courts should treat the restriction as nonjurisdictional.'" *Id.* (quoting *Arbaugh*, 546 U.S., at 516). "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional". *United States v. Wong*, 575 U.S. 402, 410 (2015). Here, Plaintiffs have not shown that there is clear statement that Congress intended to make § 1225(b)(1)(B)(iii)(III) jurisdictional.

Instead, Congress' intent in limiting judicial review of expedited removal proceedings is evident in § 1252. *See Thuraissigiam*, 140 S. Ct. at 1966. Courts must interpret congressional language barring jurisdiction "with precision and with fidelity." *See Cheng Fan Kwok v. INS*, 392 U.S. 206, 212 (1968) (holding that a statute affecting federal jurisdiction "must be construed both with precision and with fidelity to the terms by which Congress has expressed its wishes").

Further, judicial review of claims "arising from or relating to the *implementation or operation of an order of removal* pursuant to section 1225(b)(1)" or the "*procedures and policies* adopted by the Attorney General to implement the provisions of section 1225(b)(1)" are also barred. *See* 8 U.S.C. 1252(a)(2)(A)(i) and (iv) (emphasis added). Plaintiffs' claim concerning the IJ's failure to complete review within seven days, a

procedural rule, falls under these provisions.  Plaintiffs have not provided any binding or persuasive legal authority to support the Court's jurisdiction over Plaintiffs' claims.

Accordingly, the Court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction.[6]

## Conclusion

Based on the above, the Court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction.  The Court **vacates** the hearing set on October 21, 2022.

IT IS SO ORDERED.

Dated:  October 18, 2022

Hon. Gonzalo P. Curiel
United States District Judge

---

[6] Because the Court grants dismissal for lack of subject matter jurisdiction, the Court declines to address the Defendants' arguments on failure to state a claim under Rule 12(b)(6).